# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SEARS ROEBUCK & CO. | ) | MDL-1703 |
| TOOLS MARKETING AND SALES | ) | No. 05 C 4742 |
| PRACTICES LITIGATION | ) | |
| | ) | No. 05 C 2623 |

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss for failure to state a claim in Anderson v. Sears, Roebuck & Co., No. 05-2623. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiffs Larry Steven Anderson, Jr., Tammy Cyr, Charles Chatham, Heather Pistorius and Charles Velez have brought this consolidated class action complaint against defendant Sears Roebuck & Company alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, *et seq.* ("ICFA") (Count I) and the Illinois Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq.* ("DTPA") (Count II), as well as claims for unjust enrichment (Count III) and "equitable relief" (Count IV). All counts stem from plaintiffs' allegation that Sears deceptively advertised its proprietary line of "Craftsman" tools as manufactured exclusively in the United States ("Made in USA") when, in fact, many of the tools are foreign-made or contain significant foreign parts.

Sears has moved to dismiss the complaint for failure to

state a claim under Rule 12(b)(6). Within days of the motion being fully briefed, Sears was granted leave to supplement its motion papers with an argument that plaintiffs lack standing to bring claims under the ICFA and the DTPA, relying on the Illinois Supreme Court's recent decision in <u>Avery v. State Farm Mut. Auto Ins. Co.</u>, 2005 Ill. LEXIS 959 (Ill. Aug. 18, 2005). Plaintiffs have responded.

**DISCUSSION**

Counts I and II

The ICFA provides that "deceptive acts or practices . . . or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful. . . ." 815 ILCS § 505/2. The Act authorizes a private right of action: "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS § 505/10a(a). To prevail on a claim under the ICFA, a private plaintiff must establish: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. <u>Oliveira v. Amoco Oil Co.</u>, 201 Ill.2d 134, 776 N.E.2d

151, 267 Ill. Dec. 14 (2002). The Act defines "trade or commerce" as follows:

> The terms 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

815 ILCS § 505/1(f). At issue in Avery, and our focus here, is what is meant by "trade or commerce directly or indirectly affecting the people of this State." Id. The Avery court began with an extensive survey of the caselaw: some cases have held that only Illinois residents have standing to assert an ICFA claim; other cases hold that non-Illinois residents can maintain a claim if the transaction giving rise to the action occurred in Illinois; and at least one case stated that a non-resident may state a claim for a transaction outside Illinois so long as the action implicates Illinois's "interest in protecting its consumers." Avery, 2005 Ill. LEXIS 959, at *121-25 (collecting cases). The court settled on something of a middle path: an ICFA plaintiff does not necessarily have to be an Illinois resident, but the Act does not apply to "fraudulent transactions which take place outside Illinois." Id. at 128. The court held, then, that "a plaintiff may pursue a private cause of action under the [ICFA] if the circumstances that relate to the disputed transaction occur

primarily and substantially in Illinois." Id. at 131.

Although Avery did not establish a bright-line test for determining when a transaction occurs "primarily and substantially" in Illinois, it pointed to the following factors to guide the analysis: (i) plaintiff's residence, (ii) where the deception occurred, *i.e.*, where the actual misrepresentation was made, (iii) where the damage to plaintiff occurred, and (iv) whether plaintiff communicated with defendant or its agents in Illinois. Id. at 132-33. Significantly, the court rejected the notion that an allegation that a defendant was headquartered in Illinois or that its deceptive practices flowed from Illinois were sufficient to assert a claim:

> The appellate court's conclusion that a scheme to defraud was "disseminated" from State Farm's headquarters is insufficient. *See, e.g., Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 340 & n. 10 (N.D. Ill. 1997) (where the only connection with Illinois is the headquarters of the defendant or the fact that a scheme "emanated" from Illinois, the Consumer Fraud Act "does not apply to the claims of the non-Illinois plaintiffs. . . .")

Id. at 135-36.

Now, to the complaint before us. Under Avery, plaintiffs may bring a claim under the Act only if "the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." Id. at 131. Not one plaintiff is an Illinois resident – Anderson is a citizen of North Carolina; Cyr is

a citizen of Wisconsin; Chatham is a citizen of Alabama; Pistorius is a citizen of Pennsylvania; and Velez is a citizen of New York. There are no allegations that any plaintiff read any misrepresentation in Illinois, purchased any tools in Illinois, or had any contact with a Sears agent in Illinois. The only allegation in the complaint from which the court can infer a nexus with Illinois is the location of Sears's principal place of business. (Compl., ¶ 9.) Avery is clear, however, that this will not suffice to assert a claim under the Act. The same analysis applies under the DTPA claim. See Keller Med. Specialties Prods. v. Armstrong Med. Indus., Inc., 842 F.Supp. 1086, 1093 (N.D. Ill. 1994). Accordingly, because plaintiffs have not alleged facts which, if true, would grant them standing to pursue a claim under the ICFA or the DTPA, defendant's motion to dismiss Counts I and II will be granted.

### Counts III and IV

Counts III and IV, taken together, assert claims for unjust enrichment, an injunction, and a declaratory judgment. Each of these "claims" (remedies, really) depends on the viability of an underlying claim of injury, and without standing to assert a cause of action under the Illinois statutes, these counts fail as well.

## CONCLUSION

Although we grant defendant's motion to dismiss, we will defer entering the appropriate dismissal order until we discuss

with counsel the impact of this ruling on the transferred cases in this Multidistrict Litigation at a status hearing which we have set for November 30, 2005 at 11:30 a.m.

DATE:    November 14, 2005

ENTER:   _____
         John F. Grady, United States District Judge