**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**


IN RE SEARS, ROEBUCK & CO.          )
TOOLS MARKETING AND SALES           )      MDL-1703
PRACTICES LITIGATION                )      No. 05 C 4742
                                    )


**<u>MEMORANDUM OPINION</u>**

Before the court is the motion of defendant Sears, Roebuck & Co. ("Sears") for an order "permanently enjoining all members of the uncertified putative classes in this case, their lawyers, and anyone else acting in concert with any of them, from seeking to certify a class to prosecute any claims based on, related to, or involving the facts and circumstances and claims underlying this Court's denial of Plaintiffs' Motion for Class Certification, specifically including, but not limited to, any attempts to seek class certification or pursue any non-individual claim in <u>Greenfield v. Sears, Roebuck & Co</u>. . . . and <u>Santamarina, et al. v. Sears, Roebuck & Co. . . . .</u>" (Def.'s Mot. at 1.)

Sears's motion is based on the recent Seventh Circuit decision in <u>Thorogood v. Sears, Roebuck & Co.</u>, 624 F.3d 842 (7th Cir. 2010), which, coincidentally, also involves Sears. In <u>Thorogood</u>, the Court of Appeals held that Sears was entitled to an order enjoining all members of the plaintiff Thorogood's class and their lawyers from filing class action suits that are "indistinguishable" from

Thorogood's.  624 F.3d at 853.  The case has a lengthy history.
Thorogood's class, which consisted of purchasers (in twenty-eight
states and the District of Columbia) of Kenmore dryers that had
been advertised as having stainless-steel drums, had originally
been certified by the district court here in Illinois.  The Court
of Appeals reversed and decertified the class.  After the class was
decertified, Sears made Thorogood a Rule 68 offer of judgment of
$20,000 inclusive of attorney's fees, with the parties agreeing
that the maximum damages Thorogood could recover under the
applicable state's law were $3,000.  Thorogood refused the offer,
and the district court dismissed the suit because the offer
exceeded the amount in controversy and the case was thus moot.
Thorogood appealed, arguing that he had incurred attorneys' fees of
$246,000.  The Court of Appeals affirmed the dismissal and denial
of fees, explaining that the effort to certify a large class had
been a "flop" and that Sears should not have to bear the entire
cost of the flop.  Thorogood v. Sears, Roebuck & Co., 595 F.3d 750,
753 (7th Cir. 2010).

Thorogood's counsel found another plaintiff, Martin Murray,
and filed a similar class-action suit in California state court
seeking to certify a class of California purchasers.  The case was
removed to federal district court.  The California district court
rejected Sears's defense of collateral estoppel and ordered
discovery to begin.  One of Murray's lawyers sent a letter to Sears

threatening, in so many words, substantial litigation expenses if Sears was not amenable to settlement. Sears moved the district court in Illinois for an order enjoining Murray's suit, and the court denied the motion. Sears appealed.

In reversing and remanding for entry of an order enjoining further class action suits concerning the dryers (including Murray's suit), the Court of Appeals found that the California district court had erroneously rejected Sears's collateral estoppel defense, and it stated: "[B]ecause of the cost of responding to discovery, and the erroneous but unappealable ruling permitting discovery in Murray's suit, Sears has no adequate remedy at law against a litigation aimed at coercing a settlement by running up Sears's discovery expense." 624 F.3d at 852. The Court held that Sears was entitled to an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, devoting considerable attention to the particular terms of the injunction. Id. ("[W]e must be careful about precisely who and what are to be enjoined."). In pertinent part, the Court explained:

> The members of Thorogood's class must be enjoined as well as the lawyers so that additional Murrays don't start popping up, class action complaint in hand, all over the country, represented by other members of the class action bar. It is true as we recall that an unnamed class member can be bound by the judgment in a class action suit only "if she was adequately represented by a party who actively participated in the litigation." But Thorogood did participate actively in seeking class certification, and his representation by lawyer Krislov was adequate . . . .

Id. at 853 (quoting Taylor v. Sturgell, 553 U.S. 880, 884 (2008)).

At the conclusion of the Thorogood opinion, the Seventh Circuit addressed a "final wrinkle," the pendency in the Supreme Court of Smith v. Bayer Corp., a case that involves interpretation of the Anti-Injunction Act, 28 U.S.C. § 2283. The Court noted that one of the issues presented in Smith is "[w]hether a district court that previously denied class certification nonetheless has personal jurisdiction over the absent putative class members such that it may enjoin them from seeking class certification in state court." 624 F.3d at 853.

The Supreme Court recently issued its decision in Smith, 131 S. Ct. 2368 (June 16, 2011), answering no to this question and reversing the judgment of the Court of Appeals for the Eighth Circuit. The Eighth Circuit had affirmed the district court's entry of an injunction against state-court proceedings brought against Bayer by Keith Smith. Smith had been an unnamed member of a putative class action brought in federal court against Bayer by a different plaintiff, George McCollins, whose class-certification motion had been denied by the federal district court.

Bayer defended the lower courts' decisions "by arguing that Smith--an unnamed member of a proposed but uncertified class--qualifie[d] as a party to the McCollins litigation." 131 S. Ct. at 2379. Alternatively, Bayer argued that the judgment in the McCollins litigation bound Smith under the recognized exception for

- 5 -

members of class actions to the rule against nonparty preclusion.
The Supreme Court rejected both contentions.  Smith did not count
as a party, and principles of *non*party preclusion did not help
Bayer, either; the Court held that although unnamed members of a
class action can be bound even though they are not parties to a
suit, there were no "members" of a class action in the McCollins
case because the district court had *denied* class certification.
Id. at 2380.  The Court acknowledged Bayer's "strongest argument,"
a policy-based contention (echoing the Seventh Circuit's concerns
in Thorogood) that "serial relitigation of class certification" can
force defendants to "buy litigation peace by settling."  Id. at
2381.  But the argument was rejected; the Court concluded that the
"right approach" does not lie in binding nonparties to a judgment
and that abuse of the class-action device can be mitigated through
"principles of *stare decisis* and comity."  Id.

On June 27, the Supreme Court issued a summary order in
Thorogood, vacating the judgment of the Seventh Circuit and
remanding the case for further consideration in light of Smith.
No. 10-1087 (U.S. June 27, 2011).

Now back to the instant case--actually, case*s*.  There are
seven "member cases" that are or were part of this multidistrict
litigation filed in or transferred to this court for pretrial
proceedings.[1]  Four of them--Cyr (05 CV 2627), Chatham (05 CV

---

[1]  The "lead case number" is 05 CV 4742.

2852), <u>Hutson</u> (05 CV 4745), and <u>Tidwell</u> (05 CV 5881)--were
voluntarily dismissed. We remanded another--<u>Santamarina</u> (05 CV
4743)--to the California state court.

Most of the rulings we have issued have been in <u>Anderson</u> (05
CV 2623).[2] In December 2007, we issued an opinion denying
plaintiffs' first motion for class certification. <u>In re Sears,</u>
<u>Roebuck & Co. Tools Mktg. & Sales Practices Litig.</u>, Nos. 05 CV 4742
& 05 CV 2623, 2007 WL 4287511 (N.D. Ill. Dec. 4, 2007). Plaintiffs
defined the putative class as "[a]ll persons and entities
throughout the United States" who purchased one or more Craftsman
tools that were not all or virtually all made in the United States.
They sought certification of a nationwide class for their unjust
enrichment claims and an undefined set of classes or subclasses
under the laws of seven states--Alabama, Ohio, Pennsylvania,
Indiana, Connecticut, Texas, and Minnesota--for their consumer
fraud claims.[3] We denied certification for a number of reasons,
including the overbreadth of the proposed classes, lack of
typicality, and lack of predominance. Subsequently, plaintiffs
again amended their complaint, and after some of the named
plaintiffs were dismissed, the remaining plaintiffs were Stephen

----

[2] Because Charles Chatham voluntarily dismissed his separate complaint
and became the first-named plaintiff in the <u>Anderson</u> case, and because Anderson
did not pursue his claims, we have also referred to <u>Anderson</u>, 05 C 2623, as
<u>Chatham</u>.

[3] We rejected an "eleventh-hour effort" by plaintiffs to expand their
consumer fraud subclasses to persons residing in twenty-eight states and the
District of Columbia. 2007 WL 4287511 at *4 n.3.

Jolley, a Pennsylvania citizen, and Curtis Oates, an Indiana citizen. Jolley moved for certification of a Pennsylvania class, and Oates moved for certification of an Indiana class. In October 2009, we issued an opinion denying those motions. <u>In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.</u>, Nos. 05 CV 4742 & 05 CV 2623, 2009 WL 3460218 (N.D. Ill. Oct. 20, 2009). We rejected the proposed classes because they were materially identical to the classes plaintiffs had previously proposed, plaintiffs made no attempt to distinguish our prior ruling, and none of plaintiffs' new arguments were persuasive. Some months later, Jolley and Oates reached a settlement with Sears, and by agreement of the parties, we entered an order on August 16, 2010 dismissing those two plaintiffs' claims with prejudice.

Plaintiffs' counsel then shifted their efforts to <u>Greenfield</u> (05 CV 4744), the seventh case pending in the MDL; it had been dormant since its filing in 2005. Greenfield, who seeks to represent classes of Florida purchasers of Craftsman tools, filed an amended complaint on August 18, 2010. Sears then filed the instant motion for injunctive relief.[4] Sears contends that we should exercise our power under the All Writs Act and the Anti-Injunction Act to permanently enjoin members of the uncertified putative classes in this proceeding from seeking to certify a class

---

[4] Sears also filed a motion for dismissal of Greenfield's Magnuson-Moss claim.

or classes to pursue claims based on or related to the claims underlying our denial of class certification, including attempts to seek class certification in <u>Greenfield</u> as well as <u>Santamarina</u>, which is still pending in the California state court.  Sears points out that this court has already determined, not once but twice, that class treatment is not an appropriate method for litigating plaintiffs' claims regarding the advertising of Craftsman tools as "Made in USA," and maintains that the intent of plaintiffs' counsel is "to continue relitigating class certification and burdening Sears with additional hefty, mounting expenses and the threat of inconsistent judgments."  (Def.'s Mem. in Supp. of Mot. at 3.)

Among other arguments, Sears asserts that we should enjoin "absent unnamed putative class members" because they were "fully and adequately represented by Plaintiffs," quoting the following language from <u>Thorogood</u>:

> [A]lthough normally one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process, in a class action, for example, a person not named as a party may be bound by a judgment on the merits of the action, if she was adequately represented by a party who actively participated in the litigation.  Representative suits with preclusive effect on nonparties thus include properly conducted class actions.

624 F.3d at 848 (internal quotation marks, brackets, and citations omitted).  Sears does not take a clear position on whether the putative class members should be considered parties or nonparties to <u>Anderson</u>; it covers its bases by suggesting that they have the

"status of parties."

Greenfield and Santamarina, residents of Florida and California, respectively, cannot be considered members of the proposed classes for plaintiffs' consumer fraud claims. Plaintiffs never adequately proposed classes or subclasses that included Florida or California purchasers, see supra n.2. And although Greenfield and Santamarina could be considered members of the proposed nationwide class for unjust enrichment claims,[5] the Supreme Court's ruling in Smith forecloses the relief that Sears seeks. In rejecting Bayer's argument that the district court's decision denying class certification should be given preclusive effect, the Court explained that Smith could not be bound either as a party or a nonparty to McCollins's suit:

> The definition of the term "party" can on no account be
> stretched so far as to cover a person like Smith, whom
> the plaintiff in a lawsuit was denied leave to represent.
> . . .
> Because the District Court found that individual issues
> predominated, it held that the action did not satisfy
> Federal Rule 23's requirements for class proceedings. In
> these circumstances, we cannot say that a properly
> conducted class action existed at any time in the
> litigation. Federal Rule 23 determines what is and is
> not a class action in federal court, where McCollins
> brought his suit. So in the absence of a certification
> under that Rule, the precondition for binding Smith was
> not met. Neither a proposed class action nor a rejected
> class action may bind nonparties. What does have this
> effect is a class action approved under Rule 23. But
> McCollins' lawsuit was never that.
> . . .

---

[5]/ We note that only Greenfield brings an unjust enrichment claim; Santamarina does not.

[A] "properly conducted class action," with binding
effect on nonparties, can come about in federal courts in
just one way--through the procedure set out in Rule 23.

131 S. Ct. at 2379, 2380, 2381.  We denied the named plaintiffs in

Anderson leave to represent any classes of purchasers of Craftsman

tools.  The putative class members cannot be considered "parties,"

and they cannot be bound as nonparties either because no "properly

conducted class action" existed at any time in these proceedings.

It is true that the Court in Smith dealt exclusively with

relitigation of the class-certification issue in *state* court.  But

the Court's ruling that denials of class certification are not

binding on putative class members is equally applicable to

relitigation in federal court.  Accordingly, we must deny Sears's

motion.

We are sympathetic to Sears's complaint about being subjected

to a series of similar class-certification motions.  But Greenfield

is the last remaining named plaintiff, so these MDL proceedings are

nearing the end.  And because this is plaintiffs' third bite at the

apple, we intend to keep the briefing on Greenfield's anticipated

class-certification motion to a minimum.  Perhaps we will forgo

ordering briefs and instead have oral argument.

## **CONCLUSION**

The motion of defendant Sears, Roebuck & Co. for a permanent

injunction [382] is denied.  Defendant's motion to dismiss

Greenfield's Magnuson-Moss claim remains under advisement.  A

status hearing is set for July 20, 2011 at 11:00 a.m. to discuss

the next steps in this litigation.


DATE:     July 11, 2011


ENTER:    _____
          John F. Grady, United States District Judge