05-4742.124-JCD                                September 10, 2012

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE SEARS, ROEBUCK & CO. | ) | |
| TOOLS MARKETING AND SALES | ) | MDL-1703 |
| PRACTICES LITIGATION | ) | No. 05 C 4742 |
| | ) | |
| ---------------------------------- | | |
| | ) | |
| JEFFREY GREENFIELD, | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 4744 |
| | ) | |
| SEARS, ROEBUCK & CO., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is plaintiff's motion for entry of a suggestion of remand. This case is part of a multidistrict litigation ("MDL") in which plaintiffs claim that defendant, Sears, Roebuck & Company ("Sears"), deceptively advertised its line of Craftsman tools as manufactured in the United States when in fact many of the tools are foreign-made or contain significant foreign parts. Plaintiff, Jeffrey Greenfield, requests that we suggest to the Judicial Panel on Multidistrict Litigation (the "Panel") that this case be remanded to the transferor court, the United States District Court for the Southern District of Florida.

- 2 -

Plaintiff contends that the coordinated phase of this MDL has concluded.  This is the only remaining pending case in this court of the seven cases transferred here for coordinated pretrial proceedings.[1]  We denied Greenfield's motion for certification of a Florida class, and we dismissed his claim for violation of the Magnuson-Moss Warranty Act.  Sears has filed an answer to the remaining claims for violation of the Florida Deceptive and Unfair Trade Practices Act and unjust enrichment.  We recently denied Sears's motion to dismiss those two remaining claims with prejudice for lack of jurisdiction.  According to plaintiff, all that remains in this case is "preparation of the case for trial" and "pretrial motion practice [that] will relate exclusively" to Florida law. (Pl.'s Mot. at 1, 5.)

Sears does not oppose plaintiff's motion, but it seeks an order reaffirming that all class discovery is over and that any additional discovery should be narrowly tailored to Greenfield's individual case and his specific remaining claims.  Sears argues that such an order would protect it and the Florida court from inefficient and duplicative pretrial proceedings.  Plaintiff has not filed any objection to Sears's request.  We believe that the order Sears seeks is appropriate, especially considering that

---

[1] Four cases (Cyr (05 CV 2627), Chatham (05 CV 2852), Hutson (05 CV 4745), and Tidwell (05 CV 5881)) were voluntarily dismissed.  One was remanded to the California state court and is pending there (Santamarina (05 CV 4743)). In Anderson, 05 C 2623, we recently denied the plaintiffs' renewed motion for entry of a final judgment pursuant to Federal Rule of Civil Procedure 58(d) and ruled that our August 2010 dismissal order was a final decision.

- 3 -

plaintiff has used the terms "preparation for trial" and "pretrial motion practice" to describe the remaining tasks in this case. These terms are somewhat vague; given the history of these cases, it is possible that after remand plaintiff may take an expansive view of them and seek to renew his motion for class certification, which would be inconsistent with remand. So we will be clear: as far as this court is concerned, the issue of class certification has been resolved, and there is no more "class discovery" to be taken in this case. It does not appear that there is much, if any, remaining discovery to be taken, but if it exists, it should be narrowly tailored to Greenfield's individual claims. All substantive pretrial motions have been ruled upon, and no additional substantive motions are anticipated. The only "pretrial motions" we can anticipate at this point would relate to the manner in which the case would be tried, such as motions *in limine*. Moreover, settlement attempts have been unsuccessful, and settlement is unlikely at this juncture. Therefore, coordinated or consolidated proceedings no longer serve a useful purpose, and remand will best serve the "expeditious disposition of the litigation." Manual for Complex Litigation § 20.133 (4th ed. 2004). We will grant plaintiff's motion and enter a suggestion of remand to the District Court for the Southern District of Florida.

- 4 -

## CONCLUSION

Plaintiff's motion for entry of a suggestion of remand [69] is granted. Enter Suggestion of Remand.


DATE:      September 10, 2012


ENTER:     _____

John F. Grady, United States District Judge